[Docket No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH ADAMS,<br><br>             Plaintiff,<br><br>     v.<br><br>REPUBLIC SERVICES, INC.,<br><br>             Defendant. | Civil No. 12-267 (RMB/KMW)<br><br>**MEMORANDUM ORDER** |

THIS MATTER comes before the Court upon a motion for summary judgment filed by defendant Republic Services, Inc. ("Republic") against plaintiff Keith Adams ("Plaintiff").  For the following reasons, the motion is denied.

Republic is a waste service company that provides solid waste collection, recycling and disposal services.  Republic's Statement of Undisputed Material Facts ("RSUMF") ¶ 1.  Labor Ready is a temporary employment agency.  RSUMF ¶ 2.  On February 20, 2008, Labor Ready and Republic entered into an agreement wherein Labor Ready agreed to provide temporary employment services to Republic including full or part-time personnel to assist Republic.  RSUMF ¶ 3.  One such position was a "helper" whose duties included riding on the outside of a garbage truck

and carrying trash bags and containers to the truck for disposal. RSUMF ¶ 8. Plaintiff accepted temporary work assignments from Labor Ready. RSUMF ¶ 9.

On January 4, 2011, Plaintiff was working as a helper in Republic's trash collection services. He was injured as he was attempting to assist a Republic driver repair a damaged kick bar. Id. ¶ 19. Pl.'s Counter Statement ¶ 1. Plaintiff thereafter filed a claim for Workers' Compensation benefits with Labor Ready's insurance carrier, which is currently pending. Pl.'s Resp. ¶ 20. Republic contends that it is entitled to summary judgment because Plaintiff's claims are barred under New Jersey's Workers' Compensation Act.

The law is well-settled, and the parties do not dispute, that an employee who collects workers' compensation benefits as a result of a workplace accident may not bring a negligence cause of action against his employer. N.J.S.A. 34:15-8; see also Blessing v. T. Shriver & Co., 94 N.J. Super. 426 (App. Div. 1967), Flint v. Langer Transport Corp., 762 F.Supp. 2d 735, 743 (N.J. 2011). Moreover, the parties do not dispute that a claimant, for the purposes of workers' compensation, may have two employers, and a recovery against one bars the employer from maintaining a tort action against either one for the same injury. Blessing, 94 N.J. Super. at 429-30. Courts look to five factors to determine whether or not the second employer, here, Republic,

was Plaintiff's employer, thereby implicating the exclusivity provision of the Workers' Compensation Act: (a) whether the employee has made a contract of hire, express or implied, with the special employer; (b) whether the work being done is essentially that of the special employer; (c) whether the special employer has the right to control the details of the work; (d) whether the special employer pays the lent employee's wages; and (e) whether the special employer has the power to hire, discharge or recall the employee. Blessing, 94 N.J. Super. at 430.

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id. When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).

Upon review of the pleadings and the record, the Court finds that there are genuine disputes as to material facts regarding whether Republic was a special employer, thus, precluding the

grant of summary judgment. Although Republic counters that many of Plaintiff's claims are either irrelevant or unsupported, all reasonable inferences are to be drawn in favor of the non-moving party. See Meyer, 720 F.2d at 307 n.2. Because no single factor is dispositive on the special employer issue, and each case must be evaluated considering the totality of the circumstances, Antheunisse v. Tiffany & Co., Inc., 229 N.J. Super. 399 (App. Div. 1988), the Court finds that this issue should go before the jury. See Pacenti v. Hoffman-LaRoche, 245 N.J. Super. 188, 192-93 (App. Div. 1991).

As for Plaintiff's claim that Republic intentionally injured him, such allegation may not be raised here for the just theme. A plaintiff cannot amend his pleadings in a summary judgment motion. Holland Simon Prop. Grp., Inc., No. 12-2251, 2012 WL 3711869, at *3 n.4 (ed Cir. Aug. 28, 2012). As this claim is not properly pled, the Court need not address it.

Accordingly, for the above reasons;

IT IS ON THIS **19th** day of **February 2014**, **ORDERED** that Defendant Republic Services, Inc.'s motion for summary judgment be and is hereby **DENIED.**

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

4