[Dkt. Ent. 43]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH ADAMS,<br><br>    Plaintiff,<br><br>        v.<br><br>REPUBLIC SERVICES, INC.,<br><br>    Defendant. | Civil No. 12-267 (RMB/KMW)<br><br>MEMORANDUM ORDER |

    This matter comes before the Court upon Defendant's motion for reconsideration of this Court's Order denying summary judgment on grounds that there are disputes as to material facts regarding whether Defendant Republic Services, Inc. was a special employer. (Dkt. Ent. 43.) For the reasons set forth below, Defendant's motion is DENIED.

    In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. <u>Bowers v. Nat'l. Collegiate Athletics Ass'n</u>, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). "Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." <u>Agostino v. Quest Diagnostics Inc.</u>, No. 04-4362, 2010 WL 5392688, at *5 (D.N.J.

Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 WL 5392688, at *5.

Defendant points to two decisions that it contends this Court overlooked in denying summary judgment. First, Defendant cites Marino v. Industrial Crating Co., 358 F.3d 241, 247-48 (3d

2

Cir. 2004), in which the Third Circuit noted that there are two types of fact patterns in which courts are called upon to address the "special employer" issue: "'Manpower' or employment agency cases, in which the employee is almost universally held to be a 'special employee' of the business employer that has hired him as a temporary helper, and all other work situations in which an employee is actually working on a job or project of someone who is not technically his employer." The Court then cited a number of examples of "Manpower" cases in which temporary workers were found to be special employees of the temporary employer. 358 F.3d 248 n.6. According to Defendant, the instant matter falls within the "Manpower" line of cases and thus, the Court should have granted summary judgment. However, the Third Circuit did not analyze Marino under the "Manpower" line of cases, 358 F.3d at 248 n.6, and thus it provides little guidance to this Court. Moreover, Defendant cited Marino in its summary judgment papers and it was considered by this Court in reaching its decision.

Second, Defendant cites to Kelly v. Geriatric and Medical Services, Inc., 671 A.2d 631 (N.J. 1996). There, the plaintiff was employed by a labor services company that supplied temporary nursing personnel to health care facilities. Id. at 570. The court considered the five factor "fact-sensitive" test cited by this Court in its summary judgment Opinion: (a) whether the

3

employee has made a contract of hire, express or implied, with the special employer; (b) whether the work being done is essentially that of the special employer; (c) whether the special employer has the right to control the details of the work; (d) whether the special employer pays the lent employee's wages; and (e) whether the special employer has the power to hire, discharge or recall the employee. Id. (citations omitted). In Kelly, the court found that "plaintiff's voluntary acceptance of work [for defendant] gave rise to an implied contract of employment," and that she also voluntarily accepted defendant's control when she complied with assignments and supervision by defendant. Id. at 575. The plaintiff's "work duties and job performances were assigned, directed and overseen by [defendant's] supervisor" while the temp agency exercised no control, thus satisfying the third prong. Id. at 576-77. The court afforded "little weight" to the fourth prong because plaintiff's wages were indirectly paid out of the fees the defendant paid to the temp agency. As to the fifth prong, the defendant controlled whether she would continue to work at its facilities, which the court determined was "the functional equivalent of the power to discharge her." Id. at 577. Accordingly, the Kelly court held that the plaintiff was a special employee of the defendant and was precluded from maintaining a tort action against it.

4

As with Marino, Defendant relied upon Kelly in its summary judgment papers in support of arguments nearly identical to those it sets forth in its reconsideration papers. The Court considered those arguments and determined that there were genuine disputes as to material facts regarding whether Republic was a special employer. (Opinion at 3-4.) For example, Plaintiff pointed to evidence that Labor Ready determined whether to offer Plaintiff an assignment with Republic, and whether Plaintiff would be offered an assignment with residential or commercial trash collection. Labor Ready provided Plaintiff with safety equipment and transported him to the job site. In addition, Plaintiff argued that Labor Ready bore sole responsibility for training him, which it did by showing him various videos. Combined, these facts created a dispute of fact as to whether Republic had the right to control the details of Plaintiff's daily activities.

Now, however, in connection with its unauthorized reply brief, Defendant submitted a newly-obtained certification of James Connell, the branch manager for Labor Ready. (Dkt. Ent. 53); see Rotenberg v. Lake Charter Bus. Corp., No. 12-2155, 2014 WL 3731324, at *2 n.4 (D.N.J. July 28, 2014); L. Civ. R. 7.1. Connell asserts that Labor Ready plays, at Republic's request, a safety video for employees that Republic provided to Labor Ready. (Connell Cert. ¶¶ 3-4.) He further asserts

5

> [a]s to daily assignments, **Republic is responsible for determining where a Labor Ready employee assigned to work for Republic is assigned**. While Republic is responsible for determining whether the employee is assigned to its commercial or residential division and which driver that temporary employee will be assigned to work with, Labor Ready personnel communicate that decision to Labor Ready temporary employees assigned to work for Republic so that they know where to report each morning."

(Id. at ¶¶ 5-6 (emphasis added).) Moreover, Connell avers that once the employee reports to Republic, the employee is under Republic's exclusive control. (Id. at ¶ 7.)

Republic asks this Court to consider the Connell Certification, which it obtained only after "significate and unanticipated delays" due to the need to coordinate with Labor Ready's corporate counsel. (Dkt. Ent. 54.) This explanation fails to adequately demonstrate why this Certification could not have been presented prior to entry of this Court's decision on Defendant's motion for summary judgment and thus it fails to provide a basis for reconsideration. See NL Indus., Inc., 935 F. Supp. at 515–16 (Motions for reconsideration "may not be used to . . . present evidence that could have been raised prior to the entry of judgment.").

Although the Connell Certification does not permit voidance of this Court's summary judgment decision, the Court hastens to note that it seemingly undermines many of Plaintiff's arguments regarding the relationship between Republic and Labor Ready. For

example, while Plaintiff contends that Labor Ready trained him, Connell attests that the video used to train Labor Ready employees was provided by Republic and shown at its request. Similarly, while Plaintiff contends that Labor Ready determined the assignments, Connell contends that Labor Ready merely conveyed Republic's decisions to the Labor Ready employees. Most notably, Connell avers that the Labor Ready employees were under Republic's exclusive control after the employees reported to Republic for work. These facts, if adduced at trial and found to be credible, may lead the jury to conclude that Republic had the right to control the details and thus was Plaintiff's special employer, thereby barring Plaintiff from recovery against Republic.

For the above reasons, however, Defendant's motion for reconsideration lacks merit. Defendant does not point to any intervening change of law or new evidence that was not available when this Court rendered its decision. Further, Defendant does not point to specific facts or controlling decisions that this Court has overlooked in its analysis.

ACCORDINGLY, IT IS HEREBY on this **7th** day of **November 2014**,

**ORDERED** that Defendant's Motion for Reconsideration is DENIED.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge